IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1999 SESSION

FILED

August 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BRADLEY GREEN, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9809-CR-00300 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Carolyn Wade Blackett, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

For the Appellant:

Michael E. Scholl
200 Jefferson Avenue, Suite 202
Memphis, TN 38103

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
R. Stephen Jobe
Assistant Attorney General of Tennessee
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
        and
Michael H. Leavitt
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Bradley Green, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief from his 1993 convictions for felony murder and especially aggravated robbery for which he is presently serving an effective sentence of life imprisonment. The petitioner contends (1) that his guilty pleas were not knowingly and voluntarily entered and (2) that he received the ineffective assistance of counsel by his attorney's misadvice regarding parole eligibility. We affirm the trial court.

The petitioner and a co-defendant, Darryl Wallace, were jointly indicted for and pled guilty to first degree murder, especially aggravated robbery, and criminal trespassing. The guilty plea hearing transcript reflects that on May 30, 1992, the victim, Erving Manis, was closing the Bargain Center at the Southgate Shopping Center. He carried a money bag with the day's receipts, and an unarmed security guard had gone to the car. While the victim was locking the door, the petitioner and Wallace, each armed with a revolver, approached him. Wallace took the money from the victim and shot the victim several times while he was on the ground. The state's proof would circumstantially show that the petitioner tried to fire a shot but that the gun misfired. The two ran from the scene and broke into an apartment, where they were arrested. The petitioner had prior convictions involving the use of or the threat of violence, an aggravating circumstance that exposed him to the death penalty. The petitioner's sentences of life for the first degree murder, fifteen years for the especially aggravated robbery, and thirty days for the criminal trespass are to be served concurrently.

The gist of the petitioner's claims is that the trial court intimidated him and that one of his attorneys told him that he would only have to serve 19.6 years and maybe as little as twelve years, both of which were incorrect. At the evidentiary hearing, the petitioner testified that he had no trouble with his attorneys and was

2

satisfied with their preparation before trial. He said that he rejected the state's offer of consecutive sentences. He also said that he knew he was going to lose the case because of the evidence against him. He stated that on the morning of trial, the state offered concurrent sentences. He said that Brett Stein, one of his attorneys, said that he would serve 19.6 years and that with good and honor time, he might serve as little as twelve years. The petitioner testified that when he got to prison, he found out that he would not be released for "thirty something years." He said that he would not knowingly have pled guilty with that much time in confinement.

The petitioner testified that when he was testifying at the guilty plea hearing, the trial judge intimidated him by advising him of the crime of perjury and of the consequences of him committing perjury in his testimony. The petitioner said that he was not threatened by the trial judge but that the judge was intimidating, and the petitioner wanted to get off the witness stand in a hurry.

Brett Stein testified that he and Larry Nance were appointed to represent the petitioner. He said that an office fire destroyed his file regarding the case, and he had very little independent recollection of the events. However, he stated that he made no mention of 19.6 years or twelve years to the petitioner. He said he mentioned no numbers, although he acknowledged on cross-examination that some mention might have been "possible." Regarding parole, he said that he usually would tell a defendant that the defendant would "see daylight again." He said that the petitioner pled guilty to avoid exposure to the death penalty. Finally, he said that he did not find the trial judge to be intimidating and, in any event, thought his remarks regarding perjury were irrelevant to the plea process.

Larry Nance testified that he had no recollection of a discussion regarding any specific number of years before parole. He said he never mentioned nineteen

3

years to the petitioner and did not recall Mr. Stein mentioning any figure. He testified that it was his practice to tell inquiring defendants that he could not say when they would be paroled and that it was up to the parole board. Mr. Nance testified that he believed that the petitioner pled guilty because of the possibility of the death penalty. He said that the shell casing in the petitioner's gun had an impression as if the petitioner had attempted to shoot but that the gun had not fired.

The guilty plea hearing transcript reflects that the trial court and Mr. Stein discussed with and questioned the petitioner at length regarding his understanding of his constitutional rights, the consequences of waiving those rights, the nature of the offenses, the sentences involved, the facts in the case, and the petitioner's desire to enter guilty pleas. Under oath, the petitioner stated that he understood the proceedings, had no questions about them, and freely and voluntarily wanted to enter guilty pleas. The petitioner also testified that he was pleading guilty because if he went to trial, he would be found guilty and would get the death penalty.

In the present case, the trial court filed an eleven page Findings of Fact and Conclusions of Law denying the petitioner post-conviction relief. Relevant to this appeal, the trial court stated the following:

> Turning to Petitioner's allegations, Petitioner asserts that the trial court was unduly coercive by asserting possible criminal charges against the Petitioner if he were later to claim his counsel ineffective. During the guilty pleas, the trial court judge explained the importance of being truthful to Petitioner while under oath and carefully explained to Petitioner that this was his day in court. Therefore, Petitioner had an opportunity to tell the truth, make any complaints about his legal representation or ask any questions in open court.

> The trial judge warned the Petitioner that he would be committing perjury if he were dishonest with the court. There is no evidence of the trial court being unduly coercive. Therefore, this issue is without merit.

> Petitioner further states that the alleged threat by the trial court judge inhibited the voluntariness of the Petitioner's plea. However, the Petitioner was specifically asked by the

4

Court and his legal counsel whether the guilty plea was voluntary and the response by the Petitioner was in the affirmative. Further, Petitioner clearly, stated at the beginning of the guilty plea that his attorney had explained all of his rights, explained the charges in the indictments, the lesser included offenses and had specifically interviewed the witnesses given by the Petitioner.

There is nothing in the record to indicate that Petitioner's attorney told Petitioner that he would receive parole on a life sentence in nineteen (19) years. There was also no evidence that Petitioner's attorney attempted to tell Petitioner about the exact time which would be served at the Tennessee Department of Corrections. Therefore, these allegations by Petitioner are without merit and are hereby dismissed.

The trial court carefully explained to Petitioner his constitutional rights before accepting his guilty plea. The trial court advised Petitioner that he had a right to plead not guilty, a right to a public and speedy trial by jury, a right to confront and cross-examine any state witness, a right against self-incrimination. In consideration of these facts, the evidence establishes that the trial court took great care [i]n ensuring that Petitioner was well advised and aware of his constitutional rights. The Petitioner freely and voluntarily, understandingly, knowingly, advisedly and intelligently waived his rights and entered his guilty plea. Accordingly, this Court finds that Petitioner's allegation that he entered his guilty plea involuntarily is without merit.

It is obvious that the trial court accredited the petitioner's testimony at the guilty plea hearing and the testimony of the petitioner's attorneys at the evidentiary hearing. The burden was on the petitioner in the trial court to prove his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the trial court's findings are conclusive unless we determine that the evidence preponderates against them. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

First, we note that the petitioner's testimony at the guilty plea hearing "constitutes a formidable barrier" to his claim that he was coerced into pleading guilty in

that "solemn declarations in open court carry a strong presumption of verity."

Blackledge v. Allison, 431 U.S. 63, 75, 97 S. Ct. 1621, 1629 (1977). The guilty plea hearing transcript fully supports the trial court's conclusion that the petitioner's guilty pleas were knowingly and voluntarily entered. In fact, the petitioner's testimony at the evidentiary hearing does not purport to show otherwise. As for the claim that the petitioner was advised that parole eligibility would occur in 19.6 years, the trial court was entitled to accredit the testimony of the petitioner's attorneys. With such accreditation, the record does not preponderate against the trial court's finding that the attorneys did not misadvise the petitioner about parole. In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
John Everett Williams, Judge